In the Matter of the Claim of LOUISE VON BORSTEL, Respondent, against CENTRAL HUDSON GAS AND ELECTRIC Co., Employer; UTILITIES MUTUAL INSURANCE COMPANY, Appellant, and AGGREGATE TRUST FUND (STATE INSURANCE FUND), Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, June 16, 1955.

*George T. Norton* and *Urban S. Mulvehill* for appellant.

*Jacob K. Javits, Attorney-General* (*Roy Wiedersum* and *Carl Madonick* of counsel), for Workmen's Compensation Board, respondent.

*Per Curiam.* A dependency award arising from the death of the employee had been made in favor of his mother in 1940; its value as of June 13, 1940, was computed at $4,907.54 and this amount was paid by the carrier into the Aggregate Trust Fund.

A number of years later the insurance carrier discovered information which suggested that the dependency had terminated in 1943, and an application was made by the carrier on August 21, 1951, to reopen the claim to show an absence of dependency. On this application hearings were held, testimony taken of the mother and other witnesses which showed economic resources possessed by the mother negativing dependency.

After all the proof was in, but before a decision was actually made by the Referee, the mother, then well advanced in years, died on April 19, 1952. The Referee held that dependency had ceased in 1943; but that the carrier was not entitled to the benefit of the change in dependency before the date of its application to reopen in 1951, and must give credit also for payments actually made by the Aggregate Trust Fund between that date and the death of the mother.

The statute controlling in this situation is subdivision 4 of section 27 of the Workmen's Compensation Law which provides that if any award, the present value of which has been paid into the Aggregate Trust Fund, is modified or changed, except for reasons not material here, " the amount equal to the present value of the unpaid death benefits or other compensation at the

effective date of such modification or change shall be computed on the basis both of the original award and of the modified or changed award. If such amount is greater on the basis of the original award, the difference shall be paid by said trust fund to the employer or insurance carrier."

The Referee ruled in effect that the effective date of his modification in respect of dependency was August 21, 1951, the date of the carrier's application for modification, unless further payments had been made by the Fund, and if so that the effective date of modification was April 19, 1952, the date of death of the mother. His ruling was made May 1, 1952. The actuarial computation was that the present value of the award as of August 21, 1951, was $2,831.58; and when payments which had been made between that time and the death of the mother and an allocated proportion of administration expenses were deducted, the present value as of August 21, 1951, was found by the actuary to have been diminished to $2,614.53.

It is this amount which the carrier seeks as a refund as the difference under subdivision 4 of section 27 between the computation based on the original award and that based on the modified award. The record shows that the actual amount paid out by the Trust Fund in compensation benefits to the mother from 1940 to the time of her death was $5,353.63, an amount in excess of the original deposit made by the carrier.

This alone would not defeat the right of the carrier to a refund, since the award based on her expectancy in 1951, when application was made for modification, still had a value; and while it might be assumed that after $5,353.63 had been paid on an original actuarial estimate of $4,907.54 the remaining value of the award in 1951 would not be as high as $2,831.58, still no one questions the accuracy of the actuarial computations and they must be accepted here.

The key to the problem, however, is the time of the " effective date of [the] modification " because it is at that time that the new " present " value must be computed. The Referee found, as it has been pointed out, on May 1, 1952, that the effective date of his decision was the date of the death of the mother, April 19, 1952.

The board modified this to hold specifically that the " effective date of the modification or change of the prior award " was May 1, 1952. We think there is substantial evidence in support of this, since that was actually the date of the Referee's decision, and it has reasonable basis because it is in conformity with the

procedural time sequence. Generally the effective date of such a change would be within the discretion of the board.

At such date, of course, the value of the award was zero, as the actuary found, because the beneficiary was then dead. We would ordinarily regard this as undue stretching to relieve the Aggregate Trust Fund from the effect of a modification sought by the carrier almost a year before. But the Trust Fund has now paid out approximately the entire amount of the deposit made by the carrier in the first place and the interest thereon, and the exercise of a discretion to fix an effective date for the modification will leave the Fund and the carrier in a position of relative fairness each to the other. The result of the determination seems as at once within the frame of the board's power over the effective date of its modification and to be fair and reasonable in its operation.

The decision should be affirmed, with costs to the Workmen's Compensation Board.

FOSTER, P. J., BERGAN, HALPERN, IMRIE and ZELLER, JJ., concur.

Decision affirmed, with costs to the Workmen's Compensation Board. [See *post,* p. 977.]